```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WEN ZHOU,                                             :
                Plaintiff,                            :
                                                      :
v.                                                    :     OPINION AND ORDER
                                                      :
ABERDEEN DIM SUM AND SEAFOOD                          :     14 CV 2014 (VB)
INC. d/b/a Aberdeen Dim Sum and Seafood,              :
RICKY HO, JACKIE LIU, and JOHN DOES                   :
#1-#10,                                               :
                Defendants.                           :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Wen Zhou sues her former employers, defendants Aberdeen Dim Sum and Seafood, Inc. ("Aberdeen"), and Ricky Ho,[1] alleging insufficient compensation under the Fair Labor Standards Act ("FLSA") and New York labor laws (the New York Labor Law and the Official Compilation of Codes, Rules & Regulations of the State of New York, title 12, collectively the "NYLL").  Specifically, plaintiff asserts claims based on alleged violations of: (i) the minimum wage provisions of the FLSA; (ii) the minimum wage provisions of the NYLL; (iii) the overtime provisions of the FLSA; (iv) the overtime provisions of the NYLL; (v) the spread of hours provisions of the NYLL; and (vi) the Wage Theft Prevention Act ("WTPA") of the NYLL.

Before the Court is plaintiff's motion for partial summary judgment as to defendants' liability with respect to her minimum wage and WTPA claims.  (Doc. #75).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337.

---

[1] Jackie Liu is also a named defendant.  However the parties agree disputed issues of fact remain as to whether Liu qualifies as a liable employer.  Accordingly, the parties agree summary judgment is inappropriate as to the claims against Liu.  (Doc. #77, at 1).

**BACKGROUND**

The parties have submitted briefs, statements of fact, and declarations ("Dec'l") with supporting exhibits, which reflect the following: Defendant Ho is the owner and principal of defendant Aberdeen, a restaurant in White Plains, New York. Defendants employed plaintiff as a server from 2009 to July 2013. Plaintiff received verbal notice that she would receive tips, but was not informed of any credit against the minimum wage requirements defendants would receive regarding those tips. Defendants paid plaintiff using business checks, rather than payroll checks, which did not include a pay stub or any supporting documentation.

The parties disagree as to the hours plaintiff worked, the amount she received in wages, and the frequency with which she was paid. However, they agree her wages alone (i.e., not including tips) were below the minimum wages set by the FLSA and the NYLL throughout her employment.

**DISCUSSION**

I.  Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."

Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted).  The "mere existence of a scintilla of evidence in support" of the non-moving party's position is likewise insufficient; "there must be evidence on which the jury could reasonably find" for him.  Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).  In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial.  Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.  <u>Minimum Wage Claims</u>

The FLSA and the NYLL each require employers to pay their employees a minimum wage.  29 U.S.C. § 206; N.Y. LAB. LAW § 652(1).  The parties do not dispute that defendants are covered employers and plaintiff was a covered employee for the purposes of both laws.

Under both the FLSA and NYLL, an employer may take a "tip credit" where an employee receives tips in the course of her work.  This allows the employer to credit some amount of the employee's tips against the minimum wage, and thereby pay the employee a lower wage than otherwise required.  See 29 U.S.C. § 203(m); <u>Chung v. New Silver Palace Rest., Inc.</u>, 246 F. Supp. 2d 220, 228 (S.D.N.Y. 2002); N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.4, 1.5 (in effect until January 1, 2011); N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.3 (in effect January 1, 2011, and thereafter).  However, to avail itself of the credits, an employer must satisfy certain requirements under the FLSA and NYLL.

Regarding defendants' liability for minimum wage violations, the parties agree the central issue is whether defendants are entitled to the tip credits.  The parties also agree that if defendants cannot use the tip credits, they are liable for minimum wage violations under both the FLSA and NYLL.

The Court will address the FLSA and NYLL issues in turn.

A.  <u>FLSA</u>

To take advantage of the tip credit for FLSA purposes, the employer must satisfy two requirements: (i) the employer must have informed the employee of the Section 203(m) tip credit provisions, and (ii) the employee must either have retained all tips received or participated in a permissible tip pool.  <u>See</u> 29 U.S.C. § 203(m); <u>Chung v. New Silver Palace Rest., Inc.</u>, 246 F. Supp. 2d at 228-29.  "The two prerequisites that the employer must fulfill to be eligible for the

4

tip credit are strictly construed, and must be satisfied even if the employee received tips at least equivalent to the minimum wage." Id. at 229.  If the employer fails to satisfy either requirement, it cannot receive credit for any tips the employee received.  Id. at 228-29.

Plaintiff argues there is no genuine issue of material fact regarding defendants' failure to satisfy the first requirement – defendants failed to inform her of the tip-credit provisions.

The Court agrees.

Plaintiff submitted a signed declaration stating that no one explained anything about the tip credit to her.  (Zhou Dec'l ¶ 25).  Defendants provide no contrary evidence.  Instead, they argue only that plaintiff was aware she would receive tips and that her W-2 forms reflected these tips.  This is insufficient to satisfy the FLSA tip credit requirements.  See, e.g., Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 287-88 (S.D.N.Y. 2011) (citing cases from multiple jurisdictions rejecting similar arguments).

Accordingly, plaintiff is entitled to summary judgment with respect to defendants' liability for the FLSA minimum-wage violations.[2]

B.     NYLL

Like the FLSA, the NYLL allows employers to take advantage of a tip credit.  N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.5 (in effect prior to January 1, 2011); N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.3 (if effect on January 1, 2011, and thereafter).  On January 1, 2011, during plaintiff's employment, these requirements changed.  Therefore, the Court will

---

[2]     Plaintiff also argues defendants cannot take advantage of the tip credit because they failed to comply with the recordkeeping requirements of 29 C.F.R. § 516.28.  Because the Court grants summary judgment on the basis of the failure to comply with the Section 203(m) requirements, the Court need not address this argument.

5

separately examine whether defendants are entitled to the tip credit for the time plaintiff worked before and after that date.

Prior to January 1, 2011, the NYLL required employers to "furnish to each employee a statement with every payment of wages listing . . . allowances, if any, claimed as part of the minimum wage." N.Y. COMP. CODES R. & REGS. tit. 12, § 137-2.2; see also Padilla v. Manlapaz, 643 F. Supp. 2d 302, 309-10 (E.D.N.Y. 2009).

There is no genuine issue of material fact that defendants did not comply with this requirement. Plaintiff's declaration states she was not provided payroll checks, pay stubs, or any tip documentation with her paychecks. (Zhou Decl. ¶¶ 17, 19, 24, 25). Defendants do not address these pre-2011 requirements, and the record contains no evidence sufficient to create a genuine issue of fact as to defendants' compliance with them

Accordingly, plaintiff is entitled to summary judgment regarding defendants' liability for the pre-2011 NYLL minimum wage violations.

Next, the Court analyzes whether defendant may take advantage of the tip credit for the time plaintiff worked beginning January 1, 2011. For this time period, the NYLL allowed an employer to "take a credit towards the basic minimum hourly rate . . . if the employee has been notified of the tip credit as required in section 146-2.2 of this Part." N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.3. "The employer has the burden of proving compliance with the notification provisions of this section." N.Y. COMP. CODES R. & REGS. tit. 12, § 146-2.2(d).

There is no genuine issue of material fact that defendants did not satisfy this burden. Plaintiff testified she did not receive such a notice. (Zhou Dec'l ¶¶ 24, 28). Defendants do not contest this. Instead, they assert that "[p]erhaps Ricky Ho, whose highest level of education is high school, failed to understand the . . . requirements of the tip credit law as it changed in 2011.

6

That does not make him an[] evil man, or an exploiter of workers.  Defendant Ricky Ho at all times acted in good faith." (Doc. #87 at 4).  That may or may not be true, but it is irrelevant.  Ho's failure to understand and comply with the law does not relieve him from liability for minimum wage violations under the NYLL.

Accordingly, plaintiff is entitled to summary judgment as to defendants' liability for the minimum wage violations on and after January 1, 2011.

III.   WTPA Claim

Plaintiff argues she is entitled to summary judgment with respect to her WTPA claim because defendant did not comply with the notice and recordkeeping requirements of that law.

The Court agrees.

The WTPA is an amendment to the NYLL and imposes upon employers various notice and recordkeeping requirements.  See Kress v. Bigsky Techs., LLC, 2016 WL 4184455, at *2 (W.D.N.Y. Aug. 4, 2016).  Plaintiff alleges defendants violated two such requirements.

First, New York Labor Law Section 195(1) – in effect from April 9, 2011, until the end of plaintiff's employment in July 2013 – required employers to notify employees in writing at the time of employment of various employment-related information and to obtain from employees signed acknowledgements of receipt of that notice.  Second, New York Labor Law Section 195(3) requires employers to provide statements about certain employment-related information with each payment of wages.

The admissible evidence before the Court does not create an issue of material fact regarding either violation.  Plaintiff's states she neither received these notices and statements, nor signed any acknowledgements of receipt.  (Zhou Decl. ¶¶ 19, 28).  In addition, Ho admitted defendants did not provide to employees any documentation with their paychecks, much less

7

documentation that satisfied the requirements of Section 195(3). (Ho Dep. at 77).  Finally, there is no evidence plaintiff received or signed the documents Section 195(1) required.

Accordingly, plaintiff is entitled to summary judgment on her WTPA claim.

## CONCLUSION

Plaintiff's motion for partial summary judgment is GRANTED.

By November 28, 2016, the parties shall submit a Joint Pretrial Order in accordance with the Court's Individual Practices.

All counsel are directed to attend a status conference on November 30, 2016, at 9:30 a.m., at which time the Court will set a trial date and address all other case management issues.

The Clerk is instructed to terminate the motion.  (Doc. #75).

Dated: October 24, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge